UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:11-CR-54-GFVT-HAI-5 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| TREVOR COLE SPARKS, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 559), considers reported violations of supervised release conditions by Defendant Trevor Cole Sparks. District Judge Van Tatenhove entered a judgment against Defendant on August 7, 2012, for conspiracy to distribute oxycodone. D.E. 365. Defendant was sentenced to thirty months of imprisonment followed by thirty-six months of supervised release. *Id.* at 3. Defendant began his term of supervised release on May 9, 2014.

On November 7, 2014, Defendant submitted a urine specimen that tested positive for oxycodone, and admitted the use via an admission report. On December 2, 2014, Judge Van Tatenhove approved a request by the United States Probation Office ("USPO") that no action be taken, and that Defendant be referred to outpatient substance abuse treatment with increased home contacts and drug testing.

On November 16, 2015, the USPO issued a Supervised Release Violation Report ("the Report"). First, the Report charges, in Violation #1, a violation of Standard Condition #2, which provides that "[t]he defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer." The Report specifically alleges that, from October 21 to 29, 2015, Officer Tyler attempted to make contact with Defendant via telephone, email, mail, and a home visit, but was unable to reach him. This is a Grade C violation. Second, the Report

charges Defendant with a violation of the condition requiring him to "notify the probation officer at least 10 days prior to any change in residence or employment." Specifically, the Report alleges that, on November 10, 2015, Officer Tyler contacted Defendant's employer and learned that he was no longer employed there. Defendant did not report this change of employment to Officer Tyler. This is a Grade C violation. Finally, the Report charges, in Violation #3, that Defendant violated Special Condition #2, which requires Defendant to participate in a substance abuse treatment program. Specifically, the Report alleges that Officer Tyler contacted Cumberland River Comprehensive Care Center and learned that Defendant was no longer participating in substance abuse treatment. This is a Grade C violation.

On January 5, 2016, the USPO issued an Addendum to the Report ("the Addendum"). The Addendum charges two additional violations of the terms of Defendant's supervised release. First, Violation #4 charges Defendant with a violation of Standard Condition #7 which requires that "[t]he Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician." The Addendum alleges that, on January 5, 2016, Defendant admitted the use of oxycodone and signed an admission report acknowledging the use. This is a Grade C violation. Second, in connection with this admitted drug use, the Addendum charges Defendant with a violation of the condition requiring Defendant to refrain from committing another federal, state or local crime. Noting the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #5 charges Defendant with conduct that would be a federal crime, that is, possession of oxycodone. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 841(a), Simple Possession of a Controlled Substance. This is a Grade B violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on January 6, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 562. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not object. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on January 14, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 565. Defendant competently entered a knowing, voluntary, and intelligent stipulation to all five violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for all five violations as described in the Report. In the supervised release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established all five violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report, the Addendum, and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, which is a Class C felony. *See* 21 U.S.C. § 841; 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the

"grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect to Violations #1-4 and a Grade B violation with respect to Violation #5.  Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is six to twelve months.

In response to Defendant's stipulation, the United States recommended revocation with a term of imprisonment of nine months to be followed by two years of supervised release with the condition that the first three months of release be spent in an inpatient substance abuse treatment facility.  In support of this recommendation, the United States argued that Defendant's conduct represents a continuation of the same criminal activity of the underlying offense.  According to the United States, Defendant's involvement in the underlying drug conspiracy was closely related to his use of oxycodone.  The United States argued that, by returning to abusing oxycodone, Defendant represents a significant danger to the public.  The United States further argued that, through his conduct, Defendant has breached the Court's trust by absconding from supervision and failing to avail himself to the treatment that was offered to him.  Accordingly, the United States stated that a sentence in the middle of the Guidelines Range is necessary.

Defense counsel agreed with the statements of the United States, but recommended revocation and term of imprisonment of six months with two years of supervised release to follow. Defense counsel also recommended a three-month period of inpatient substance abuse treatment with the added condition that, if Defendant fails to complete the program, he be subject to six months of additional imprisonment. In support of this recommendation, defense counsel stated that Defendant has a severe substance abuse problem and needs treatment. Defense counsel offered that Defendant has been compliant for an extended period of time while on supervision and had, up until recently, held a good job. However, defense counsel acknowledged that a term of imprisonment is necessary to serve as punishment for Defendant's violative conduct. Additionally, defense counsel recommended that the court conduct a status conference during Defendant's term of supervised release in order to monitor his compliance and success while on supervision.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction, and the strong need to deter criminal conduct and protect the public. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The drug trafficking conspiracy that Defendant was a part of was responsible for

5

thousands of oxycodone pills being distributed in eastern Kentucky. This type of conduct involves inherent and attendant dangers to any community. Defendant has not returned to dealing drugs, but has returned to using drugs and, as demonstrated in his past, this drug use includes a risk of dangerous drug trafficking. Thus, Defendant's drug use poses a significant threat to public safety.

      Defendant's history and characteristics indicate a serious drug problem. This drug use caused him to lose his job, abscond from supervised release, and amounts to felonious conduct while on release. Defendant is a young man and has shown the ability to be productive if he can get and remain clean. If he is able to do this he will be able to become a productive member of society. If he cannot, then his drug use will continue to cause significant problems for himself, those around him, and society as a whole.

      The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

      Defendant's conduct represents a significant breach of the Court's trust. In November, 2014, Defendant admitted the use of oxycodone in violation of his terms of supervision. Judge Van Tatenhove placed a significant amount of trust in Defendant by taking no action on this violation. However, this leniency did not sufficiently lead to better decision making. Defendant

has returned to using drugs, has failed to avail himself of the help offered to him by the USPO, and has committed five violations of the conditions of his supervision. This type of conduct constitutes a severe breach of the Court's trust and warrants a term of imprisonment.

Ultimately, a sentence of nine months is in the middle of the Guidelines Range and, for the reasons stated above, the Court finds it is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range. Future violations, however, will likely result in a significantly higher sentence.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 18 U.S.C. §§ 841(b)(1)(C) and 3583(h), there is no maximum period of supervised release following revocation. The Court finds that Defendant needs significant help to learn to manage his drug addiction. Accordingly, the Court accepts the parties' recommendation that Defendant enroll in, and complete, an inpatient substance abuse treatment program immediately following his term of imprisonment. Moreover, the Court believes that continued supervised release to follow this treatment will further ensure Defendant is managing his addiction effectively. Therefore, the Court recommends that a term of supervised release of twenty-four months be reimposed following imprisonment with the same conditions of Defendant's original Judgment (D.E. 365),

with the added condition that Defendant enroll in, and complete, a three month inpatient substance abuse treatment program immediately after being released from custody. Further, the Court believes a status conference is necessary to evaluate Defendant's progress following his completion of the inpatient the substance abuse treatment program.

    Based on the foregoing, the Court **RECOMMENDS**:

    1.    Revocation with a term of imprisonment of nine months;

    2.    A term of supervised release of twenty-four months, under the conditions previously imposed at Docket Entry 365, with the added condition that Defendant enroll in, and complete, a three month inpatient substance abuse treatment program as directed by the USPO **immediately** upon his release from prison; and

    3.    That the USPO inform the Court upon Defendant's completion of the inpatient substance abuse treatment program so that the Court may set a status conference.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and

rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 20th day of January, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge