UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 6:11-cr-54-GFVT-HAI-5 |
| | ) | |
| V. | ) | |
| | ) | |
| TREVOR COLE SPARKS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 566.] Defendant Trevor Cole Sparks is charged with five violations of the terms of his supervised release, as set forth in the United States Probation Office's Supervised Release Violation Reports of November 16, 2015, and January 5, 2016. These Reports indicate that Mr. Sparks failed to properly communicate with his Probation Officer, failed to report his change in employment, and stopped participating in the substance abuse treatment program in which he was enrolled. Further, Mr. Sparks admitted the use of oxycodone, which constitutes the federal crime of possessing oxycodone. *See* 21 U.S.C. § 841(a).

On January 14, 2016, Judge Ingram conducted a final hearing on the alleged violations, and Mr. Sparks knowingly and voluntarily stipulated to all five violations. Judge Ingram then issued his Recommended Disposition, wherein he recommends revocation of Sparks' supervised release with a term of imprisonment of nine months, followed by a term of supervised release of twenty-four months with certain added conditions. Judge Ingram advised that Sparks' right to

allocution under Rule 32.1 was preserved, as reflected in the record, and directed the parties to 28 U.S.C. § 636(b)(1) for their appeal and objection rights. On January 25, 2016, Mr. Sparks filed a Waiver of Allocution, waiving his right to appear before, make a statement, and/or present information in mitigation to the undersigned before issuance of a final decision. [R. 567.]

Generally, this Court must make a *de novo* determination of those portions of a Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommendation are also barred from appealing a District Court's order adopting that recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition, which appropriately considers the § 3553 factors and the Defendant's need for significant help in managing his drug addiction.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Trevor Cole Sparks has **WAIVED** his right to allocution [R. 567];

2. Sparks is **FOUND** to have violated the terms of his supervised release as set forth in the Recommended Disposition, and the Recommended Disposition [R. 566] is **ADOPTED** as and for the Opinion of the Court;

3. Sparks' term of supervised release is **REVOKED** and Sparks is **SENTENCED** to a term of imprisonment of nine months, with a term of supervised release of twenty-four months to follow;

4. Sparks' supervised release shall be under the conditions previously imposed at R.

365, with the added condition that Sparks enroll in, and complete, a three month inpatient substance abuse treatment program as directed by the United States Probation Office immediately upon his release from prison; and

      5.      The United States Probation Office shall inform the Court upon Sparks' completion of the inpatient substance abuse treatment program so the Court may set a status conference.

      This the 10th day of February, 2016.

Gregory F. Van Tatenhove
United States District Judge